IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LONZA GROUP AG, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C. A. No. 07-467 (GMS) |
| | ) |
| NORTHWEST BIOTHERAPEUTICS, INC., | ) (Demand for Jury Trial) |
| | ) |
| Defendant. | ) |
| | ) |

ANSWER AND COUNTERCLAIMS OF
DEFENDANT NORTHWEST BIOTHERAPEUTICS, INC.

Defendant Northwest Biotherapeutics, Inc. ("NWBT"), through undersigned counsel, answers the Complaint of Plaintiff Lonza Group AG ("Lonza") and counterclaims as follows:

1. The allegation of paragraph 1 of the Complaint that it arises under the patent laws is a legal conclusion to which no response is required. NWBT is without knowledge or information sufficient to form a belief as to the truth of the other allegations in paragraph 1 of the Complaint, and on that basis denies the allegations.

2. NWBT is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 of the Complaint, and on that basis denies the allegations.

3. NWBT admits the allegation in paragraph 3 of the Complaint that it is a corporation organized and existing under the laws of the State of Delaware. NWBT denies the allegation in paragraph 3 that its principal place of business is in Washington State. Rather, NWBT's principal place of business is 7600 Wisconsin Ave., Suite 750, Bethesda, MD 20814.

4. Paragraph 4 of the Complaint states a legal conclusion to which no response is required.

5. NWBT admits the allegation in paragraph 5 of the Complaint that NWBT is a Delaware corporation. Whether NWBT is a citizen of the State of Delaware and whether the Court has personal jurisdiction over NWBT are legal conclusions to which no response is required.

6. NWBT admits the allegation in paragraph 6 of the Complaint that NWBT is a Delaware corporation. Whether NWBT resides in the State of Delaware and whether venue is proper in this Court are legal conclusions to which no response is required.

7. NWBT is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 of the Complaint, and on that basis denies the allegations.

8. NWBT is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 of the Complaint, and on that basis denies the allegations.

9. NWBT is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 of the Complaint, and on that basis denies the allegations.

10. NWBT is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 of the Complaint, and on that basis denies the allegations.

11. NWBT is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 of the Complaint, and on that basis denies the

allegations.

12. NWBT is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 of the Complaint, and on that basis denies the allegations.

13. NWBT is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13 of the Complaint, and on that basis denies the allegations.

14. NWBT is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 of the Complaint, and on that basis denies the allegations.

15. NWBT is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15 of the Complaint, and on that basis denies the allegations.

16. The allegations of paragraph 16 of the Complaint are Plaintiff's recitation that it will collectively refer to the patents-in-suit as "the Lonza Patents," to which no response is required. Without admitting or denying any factual assertion, NWBT shall for convenience refer herein to the patents listed in paragraph 16 of Lonza's Complaint as "the Lonza Patents."

17. NWBT denies the allegation in paragraph 17 of the Complaint that it infringes the Lonza Patents. NWBT is without knowledge or information sufficient to form a belief as to the truth of the other allegations in paragraph 17 of the Complaint, and on that basis denies the allegations.

18. NWBT is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 18 of the Complaint,

and on that basis denies the allegations. NWBT denies the allegations contained in the second sentence of paragraph 18 of the Complaint.

19. NWBT admits the allegation in paragraph 19 of the Complaint that it makes one autologous immunotherapy product—DCVax®-Brain—for use in treatment of cancer. NWBT denies the other allegations in the first sentence of paragraph 19. NWBT admits that it is engaged in a Phase II clinical trial of its dendritic cell-based cancer vaccine therapy known as DCVax®-Brain. NWBT denies that DCVax®-Prostate or any product other than DCVax®-Brain is currently engaged in clinical trials, or is being made or used by NWBT. NWBT denies all other allegations contained in paragraph 19 of the Complaint.

20. NWBT admits the allegations contained in the first sentence of paragraph 20 of the Complaint. NWBT admits the allegations contained in the second sentence of paragraph 20 of the Complaint insofar as NWBT took steps in the Third Quarter of 2007 to make DCVax®-Brain commercially available to patients in Switzerland, but NWBT denies the allegations in the second sentence of paragraph 20 of the Complaint to the extent that NWBT did not treat patients in Switzerland with DCVax®-Brain in the Third Quarter of 2007. NWBT admits the allegations contained in the third sentence of paragraph 20 of the Complaint.

21. NWBT denies the allegations in paragraph 21 of the Complaint.

22. NWBT is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 22 of the Complaint, and on that basis denies the allegations. NWBT denies the allegations in the second and third sentences of paragraph 22 of the Complaint.

23. NWBT denies the allegations in paragraph 23 of the Complaint.

24. NWBT incorporates herein each and every response set forth in

paragraphs 1 through 23, above.

25. NWBT denies the allegations in paragraph 25 of the Complaint.

26. NWBT denies the allegations in paragraph 26 of the Complaint.

27. NWBT denies the allegations in paragraph 27 of the Complaint.

28. NWBT denies the allegations in paragraph 28 of the Complaint.

29. NWBT incorporates herein each and every response set forth in paragraphs 1 through 23, above.

30. NWBT denies the allegations in paragraph 30 of the Complaint.

31. NWBT denies the allegations in paragraph 31 of the Complaint.

32. NWBT denies the allegations in paragraph 32 of the Complaint.

33. NWBT denies the allegations in paragraph 33 of the Complaint.

34. NWBT incorporates herein each and every response set forth in paragraphs 1 through 23, above.

35. NWBT denies the allegations in paragraph 35 of the Complaint.

36. NWBT denies the allegations in paragraph 36 of the Complaint.

37. NWBT denies the allegations in paragraph 37 of the Complaint.

38. NWBT denies the allegations in paragraph 38 of the Complaint.

39. NWBT incorporates herein each and every response set forth in paragraphs 1 through 23, above.

40. NWBT denies the allegations in paragraph 40 of the Complaint.

41. NWBT denies the allegations in paragraph 41 of the Complaint.

42. NWBT denies the allegations in paragraph 42 of the Complaint.

43. NWBT denies the allegations in paragraph 43 of the Complaint.

RLF1-3227661-1

44. NWBT incorporates herein each and every response set forth in paragraphs 1 through 23, above.

45. NWBT denies the allegations in paragraph 45 of the Complaint.

46. NWBT denies the allegations in paragraph 46 of the Complaint.

47. NWBT denies the allegations in paragraph 47 of the Complaint.

48. NWBT denies the allegations in paragraph 48 of the Complaint.

49. NWBT incorporates herein each and every response set forth in paragraphs 1 through 23, above.

50. NWBT denies the allegations in paragraph 50 of the Complaint.

51. NWBT denies the allegations in paragraph 51 of the Complaint.

52. NWBT denies the allegations in paragraph 52 of the Complaint.

53. NWBT denies the allegations in paragraph 53 of the Complaint.

54. NWBT incorporates herein each and every response set forth in paragraphs 1 through 23, above.

55. NWBT denies the allegations in paragraph 55 of the Complaint.

56. NWBT denies the allegations in paragraph 56 of the Complaint.

57. NWBT denies the allegations in paragraph 57 of the Complaint.

58. NWBT denies the allegations in paragraph 58 of the Complaint.

59. NWBT incorporates herein each and every response set forth in paragraphs 1 through 23, above.

60. NWBT denies the allegations in paragraph 60 of the Complaint.

61. NWBT denies the allegations in paragraph 61 of the Complaint.

62. NWBT denies the allegations in paragraph 62 of the Complaint.

63.   NWBT denies the allegations in paragraph 63 of the Complaint.

The "WHEREFORE" paragraph following paragraph 63 of the Complaint contains Plaintiff's prayer for relief to which no response is required. To the extent a response is required, NWBT denies that Plaintiff is entitled to any relief whatsoever, including but not limited to the relief requested.

All allegations of the Complaint that are not specifically admitted herein are hereby denied.

NWBT sets forth the following affirmative and other defenses. NWBT does not intend hereby to assume the burden of proof with respect to those matters as to which, pursuant to law, Plaintiff bears the burden.

## FIRST DEFENSE

There has been no manufacture, use, offer for sale, sale and/or importation into the United States of any NWBT DCVax® product which has infringed or does infringe any claim of the Lonza Patents, and NWBT has not and does not contribute to or induce the infringement of any claim of the Lonza Patents.

## SECOND DEFENSE

The claims of the Lonza Patents are invalid for failure to satisfy the provisions of 35 U.S.C. § 1 *et. seq.*, including, but not limited to, one or more of sections 101, 102, 103, 112, and/or 116 of Title 35 of the United States Code.

## THIRD DEFENSE

All purported manufacture, use, offers for sale, sales or imports into the United States of NWBT's products were solely for uses reasonably related to the development and submission of information to the FDA.

## FOURTH DEFENSE

Lonza's claims of infringement are barred under the patent exhaustion or first sale doctrine.

## FIFTH DEFENSE

Lonza's claims of infringement are barred by license.

## SIXTH DEFENSE

Lonza's claims of infringement are barred by estoppel, waiver, or laches.

## SEVENTH DEFENSE

The Lonza Patents are unenforceable due to patent misuse.

## EIGHTH DEFENSE

All equitable relief is unavailable to Lonza due to unclean hands.

## NINTH DEFENSE

Any additional defenses that discovery may reveal.

## COUNTERCLAIM

1. This is an action to recover for injuries caused by the intentional, bad faith conduct of Lonza Group AG ("Lonza").

2. On July 27, 2007, Lonza filed this patent infringement lawsuit against Northwest Biotherapeutics, Inc. ("NWBT") alleging that NWBT's brain cancer treatment product, DCVax®-Brain, and NWBT's other DCVax® products, infringe eight different patents related to Lonza's "glutamine synthetase ("GS") gene expression system." Lonza's suit is baseless. For instance, NWBT's DCVax®-Brain is not made using any gene expression system, let alone Lonza's "GS" system, as publicly available information makes clear. Lonza's claims against NWBT's other products are likewise baseless. Even after NWBT advised Lonza that its

claims are baseless and demanded that they be withdrawn, Lonza has not done so.

3. Not only has Lonza filed and maintained a baseless lawsuit against NWBT, but, upon information and belief, it timed the filing of its suit, and the inevitable publicity that would follow from it, so as to attempt to exert business leverage over NWBT. Lonza has insisted that NWBT license Lonza's patents allegedly relating to Lonza's GS gene expression system. But there is no basis for Lonza to demand that NWBT take a license to these patents. Indeed, Lonza did not even formally serve its complaint after filing it. Instead, Lonza sent a letter to NWBT attaching the complaint and threatening to pursue the lawsuit if NWBT did not "resolve this matter" to Lonza's satisfaction. Lonza intended that its allegations of patent infringement against NWBT would inevitably be publicized in the media and business community, and in fact, the allegations contained in its baseless complaint have been publicized in the media and business community.

4. Lonza's conduct has caused and will continue to cause harm to NWBT and its products. With this action, NWBT seeks redress for these injuries.

## PARTIES

5. Counterclaimant NWBT is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 7600 Wisconsin Ave., Suite 750, Bethesda, MD 20814. NWBT is engaged in the business of researching and developing lifesaving cancer products.

6. Upon information and belief, counterclaim-defendant Lonza Group AG is a corporation organized and existing under the laws of Switzerland, with its principal place of business in Basel, Switzerland. Lonza's complaint alleges that it is a "supplier of glutamine synthetase ("GS") systems that involve the use of patented processes for recombinant DNA

methods, sequences, vectors, cell lines and host cells." Lonza Compl. ¶ 7.

## JURISDICTION AND VENUE

7.  This Court has personal jurisdiction over Lonza because Lonza purposely availed itself of the laws of the State of Delaware, including by filing a complaint for patent infringement against NWBT in this Court to which this counterclaim specifically relates.

8.  This Court has subject matter jurisdiction over NWBT's counterclaim because there is actual diversity among the parties and the amount in controversy exceeds $75,000 and because NWBT's claims arise under the patent laws of the United States.

9.  Jurisdiction and venue are proper in this district pursuant to 28 U.S.C. §§ 1331, 1332, 1338, 1367, 1391, and 1400.

## BACKGROUND

10. NWBT is a biotechnology company focused on discovering, developing and commercializing immunotherapy products that generate and enhance immune system responses to treat cancer.

11. NWBT's platform technology, DCVax®, uses a patient's own dendritic cells, which are the starter engine of the immune system. NWBT has several cancer therapeutics in development that employ its DCVax® technology. Two of these products are DCVax®-Prostate and DCVax®-Brain.

12. DCVax®-Prostate targets hormone-independent, i.e., late stage, prostate cancer. While some clinical trials of DCVax®-Prostate took place several years ago, NWBT has not made or used any DCVax®-Prostate product since 2002. Nor has NWBT caused any other entity to make or use any DCVax®-Prostate or precursor thereof since 2002. While the DCVax®-Prostate product has been cleared by the FDA to enter Phase III clinical trials, those

trials have not begun.

13. NWBT's product DCVax®-Brain is a therapeutic which targets a form of brain cancer. DCVax®-Brain is currently in a clinical trial in the United States.

14. Development of a therapeutic like NWBT's DCVax® products involves the commitment of substantial resources and requires the involvement of investors, clinical centers, contract research organizations ("CROs"), contract manufacturers, commercial partners, commercial distributors, consultants with unique expertise, and other organizations. NWBT's ability to raise sufficient resources and form the necessary business and scientific relationships is of critical importance to the company.

## LONZA'S BASELESS PATENT INFRINGEMENT SUIT

15. Lonza claims to be the assignee or exclusive licensee of eight patents related to the GS gene expression system.

16. On several occasions, Lonza has insisted that NWBT license its patents relating to its GS gene expression system from Lonza. With the exception of the DCVax®-Prostate product, however, none of NWBT's DCVax® products, including DCVax®-Brain, are prepared, or ever have been prepared, using any gene expression system, let alone the GS system purportedly covered by Lonza's patents. Thus, there was, and is, no basis for Lonza to demand that NWBT take a license to these patents, as publicly available information revealed.

17. While NWBT in the past had discussions with Lonza regarding potential licensing relating to its DCVax®-Prostate product, NWBT concluded that no license was necessary and therefore terminated the discussions.

18. On July 27, 2007, Lonza filed a complaint in this Court alleging, *inter alia*, that NWBT's DCVax® products, including DCVax®-Brain, "use Lonza's patented GS

11

expression technology" and thus infringe eight separate patents. Lonza had no objectively reasonable basis for asserting that NWBT's products infringe these patents. Lonza knew that it had no objectively reasonable basis to assert its infringement claims against NWBT. Lonza filed its patent infringement lawsuit against NWBT in bad faith.

19. Upon information and belief, Lonza timed its allegations against NWBT's DCVax®-Brain product to coincide with the "Authorization of Use" that product received in June 2007 from the government of Switzerland in an attempt to gain business leverage over NWBT. Lonza has the ulterior motive in bringing its sham litigation of, *inter alia*, improperly pressuring or coercing NWBT to take and pay for a license to Lonza's patents that it does not need and thereby securing an unwarranted economic advantage.

20. Lonza intended that its allegations of patent infringement against NWBT and filing of its suit would inevitably be reported and publicized in the media and business community, and in fact, the allegations contained in its baseless complaint and the filing of its baseless complaint have been reported and publicized in the media and business community.

21. The baseless lawsuit filed by Lonza has caused NWBT significant harm in the marketplace, including, but not limited to, in its relationships with investors, potential investors, clinical centers, CROs, contract manufacturers, commercial partners, commercial distributors, consultants with unique expertise, and other organizations.

22. Lonza did not formally serve its complaint after filing it. Instead, on the same day as it filed the complaint, Lonza sent a letter to NWBT attaching the complaint and threatening to pursue the lawsuit if NWBT did not "resolve this matter" to Lonza's satisfaction.

23. In an August 6, 2007 letter, NWBT responded to Lonza's allegations and communicated to Lonza's attorney that Lonza's contentions of infringement against NWBT's

12

DCVax® products were baseless and that NWBT had suffered significant and compensable harm as a result of Lonza's suit, and demanded that Lonza withdraw its complaint.

24. Specifically, the August 6, 2007 letter explained that with the exception of the DCVax®-Prostate product, none of NWBT's DCVax® products are prepared—or ever have been prepared—using a recombinantly expressed protein or antigen, let alone one made by Lonza's GS gene expression system. For instance, NWBT's DCVax®-Brain product is prepared using a patient's own dendritic cells and a tumor cell lysate comprised of a patient's own tumor cell biomarkers or antigens, not through use of any gene expression system (let alone Lonza's). Indeed, documents which were publicly available prior to Lonza's filing of its complaint demonstrated that the DCVax®-Brain product does not and could not infringe any of the patents asserted by Lonza.

25. NWBT's August 6, 2007 letter also explained why NWBT's activities relating to the DCVax®-Prostate could not have infringed the patents Lonza asserted.

26. NWBT has never made, used, offered to sell, sold, or imported any recombinant expression system or method, plasmid, vector, or transfected cell line or host cell, let alone those claimed in the patents asserted by Lonza. Moreover, NWBT's activities in connection with its DCVax®-Prostate product were reasonably related to the development and submission of information to the FDA, and thus were protected and could not constitute patent infringement. NWBT has not made or used any DCVax®-Prostate product since 2002.

27. On August 30, 2007, Lonza responded to NWBT's letter, asserting that it had a proper basis to maintain its patent suit. In fact, it had no such thing, as its purported bases do not and cannot justify its infringement allegations. For instance, as its purported basis for asserting infringement claims against NWBT's DCVax® Brain product, Lonza asserted that

13

publicly available information "do not preclude the use of recombinant technology" and that NWBT never "specifically" denied that DCVax® Brain used the GS system. Neither assertion provides a basis to file or maintain Lonza's allegations of infringement against the DCVax®-Brain product.

28. On October 30, 2007, NWBT met with Lonza and explained and demonstrated why NWBT's manufacture, use, and sale of its DCVax® products do not and could not infringe the Lonza Patents.

29. Despite NWBT's explanations that Lonza's suit is baseless and its demand that Lonza withdraw its complaint, Lonza has not done so. Lonza has maintained its patent infringement lawsuit against NWBT in bad faith.

30. Lonza's filing and maintenance of its baseless patent infringement allegations has caused, and will continue to cause, NWBT substantial harm.

### COUNT I: DELAWARE DECEPTIVE TRADE PRACTICES ACT

31. Plaintiff incorporates each of the preceding paragraphs 1-30 as if fully set forth herein.

32. This count arises under the Delaware Deceptive Trade Practices Act, Del. Code Ann. tit. 6, §§ 2531, *et seq.*

33. In the course of business and in bad faith, Lonza filed a baseless complaint for patent infringement in this Court which willfully disparaged NWBT's DCVax® products, including NWBT's DCVax®-Brain product, by falsely and misleadingly asserting that NWBT's DCVax® products infringe Lonza's patents.

34. In the course of business and in bad faith, Lonza filed a baseless complaint in this Court which willfully and falsely represented that NWBT's DCVax® products, including

NWBT's DCVax®-Brain product, infringe Lonza's patents.

35. No objective, reasonable litigant would believe that NWBT's products that Lonza has accused of infringement, including NWBT's DCVax®-Brain product, infringe Lonza's patents. Lonza knew that there was no basis to file and maintain its infringement claims.

36. Lonza intended that its filing of a patent infringement suit against NWBT would inevitably be reported and publicized, and in fact, its filing of the baseless complaint has been reported and publicized.

37. Lonza's conduct has caused and will continue to cause substantial injury to NWBT.

## COUNT II: UNFAIR COMPETITION

38. Plaintiff incorporates each of the preceding paragraphs 1-37 as if fully set forth herein.

39. This count arises under the common law of the State of Delaware.

40. In the course of business and in bad faith, Lonza filed a baseless complaint for patent infringement in this Court which willfully disparaged NWBT's DCVax® products, including NWBT's DCVax®-Brain product, by falsely and misleadingly asserting that NWBT's DCVax® products infringe Lonza's patents.

41. In the course of business and in bad faith, Lonza filed a baseless complaint for patent infringement in this Court which willfully falsely represented that NWBT's DCVax® products, including NWBT's DCVax®-Brain product, infringe Lonza's patents.

42. No objective, reasonable litigant would believe that NWBT's products that Lonza has accused of infringement, including NWBT's DCVax®-Brain product, infringe

15

Lonza's patents. Lonza knew that there was no basis to file and maintain its infringement claims.

43. Lonza intended that its filing of a patent infringement suit against NWBT would inevitably be reported and publicized, and in fact, its filing of the baseless complaint has been reported and publicized.

44. Lonza's conduct has caused and will continue to cause substantial injury to NWBT.

### COUNT III: TORTIOUS INTERFERENCE WITH PROSPECTIVE CONTRACTUAL RELATIONS

45. Plaintiff incorporates each of the preceding paragraphs 1-44 as if fully set forth herein.

46. This count arises under the common law of the State of Delaware.

47. Prior to Lonza's baseless complaint, NWBT had a reasonable probability of business relationships with members of the business and scientific communities.

48. Lonza had actual or constructive knowledge of these relationships.

49. Lonza filed a baseless complaint for patent infringement in this Court which knowingly and willfully and in bad faith made false, misleading, and/or disparaging statements claiming that NWBT's DCVax® products, including its DCVax®-Brain product, infringe Lonza's patents.

50. No objective, reasonable litigant would believe that NWBT's products, including NWBT's DCVax®-Brain product, that Lonza has accused of infringement infringe Lonza's patents. Lonza knew that there was no basis to file and maintain its infringement claims.

51. Lonza intended that its filing of a patent infringement suit against NWBT

would inevitably be reported and publicized, and in fact, its filing of the baseless complaint has been reported and publicized.

52. Through its baseless complaint, Lonza has induced or caused a termination, reduction, and/or impairment of NWBT's expectancy of business relationships with certain members of the business and scientific communities. Lonza has, thereby, intentionally interfered with NWBT's prospective contractual relationships which has caused and will continue to cause substantial injury to NWBT.

## COUNT IV: ABUSE OF PROCESS

53. Plaintiff incorporates each of the preceding paragraphs 1-52 as if fully set forth herein.

54. This count arises under the common law of the State of Delaware.

55. Lonza filed a baseless complaint for patent infringement in this Court in which it knowingly and willfully and in bad faith made false and misleading statements claiming that NWBT's DCVax® products, including NWBT's DCVax® Brain product, infringe Lonza's patents. Lonza did not serve the complaint upon filing it, but rather sent it to NWBT and threatened to pursue the lawsuit if NWBT did not "resolve this matter" to Lonza's satisfaction.

56. No objective, reasonable litigant would believe that NWBT's products, including NWBT's DCVax®-Brain product, that Lonza has accused of infringement infringe Lonza's patents. Lonza knew that there was no basis to file and maintain its infringement claims.

57. Despite being advised that its claims are baseless, Lonza has maintained its sham litigation, abusing the governmental process, when Lonza knows that its patents are not infringed by NWBT's products.

58. Lonza has the ulterior motive in bringing and maintaining its sham

17

litigation of improperly pressuring or coercing NWBT to take and pay for a license to Lonza's patents that it does not need and thereby securing an unwarranted economic advantage.

59. By virtue of its conduct, Lonza has interfered and will continue to interfere with NWBT's relationships with members of the scientific and business communities.

60. Lonza's unlawful conduct has caused and will continue to cause substantial injury to NWBT.

WHEREFORE, NWBT respectfully prays for a judgment in favor of NWBT and against Lonza:

(a) dismissing Lonza's complaint with prejudice;

(b) awarding NWBT damages in an amount to be proven at trial, but in any event in excess of $75,000, exclusive of interest and costs;

(c) awarding NWBT treble damages;

(d) awarding NWBT punitive damages in an amount to be proven at trial;

(e) awarding NWBT its attorneys' fees, costs, and expenses in this action;

(f) awarding NWBT interest on its awards; and

(g) granting NWBT such further and other relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

NWBT demands a trial by jury as to all issues so triable.

OF COUNSEL:

Dane H. Butswinkas
Adam L. Perlman
David I. Berl
Stanley E. Fisher
Williams & Connolly LLP
725 Twelfth Street, N.W.
Washington, DC 20005
(202) 434-5000

Dated: November 27, 2007

*/s/ Anne Shea Gaza*
Frederick L. Cottrell, III (#2555)
cottrell@rlf.com
Anne Shea Gaza (#4093)
gaza@rlf.com
Richards, Layton & Finger P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801
(302) 651-7700

*Attorneys for Northwest Biotherapeutics, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on November 27, 2007 I caused to be served by electronic mail and hand delivery the foregoing document and electronically filed the same with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the following:

>Philip A. Rovner
>Potter Anderson & Corroon LLP
>1313 N. Market Street
>P. O. Box 951
>Wilmington, DE  19899-0951
>provner@potteranderson.com

I hereby certify that on November 27, 2007, I caused to be sent by Federal Express the foregoing document to the following non-registered participant:

>Robert P. Fletcher
>Nixon Peabody LLP
>401 9th Street, N.W., Suite 900
>Washington, DC  20004-2128
>rfletcher@nixonpeabody.com

_/s/ Anne Shea Gaza_
Anne Shea Gaza (#4093)
gaza@rlf.com